FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA T. STRONG, Individually and as Administrator of the Estate of Matthew W. Strong, deceased,<br><br>                         Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC., and PNEUMO ABEX, LLC,<br><br>                        Defendants. | NO: 2:20-CV-136-RMP<br><br>ORDER GRANTING IN PART DEFENDANT HONEYWELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE CONSPIRACY AND BREACH OF WARRANTY |

BEFORE THE COURT is Defendant Honeywell International Inc.'s ("Honeywell") Motion for Partial Summary Judgment, ECF No. 56.

The Court heard oral argument on August 27, 2021, via video conference. Erin Fraser presented argument on behalf of Honeywell on the Motion for Partial Summary Judgment. John Steffan responded on behalf of Plaintiff Kristina T. Strong. The Court has reviewed the motion, heard oral argument, and is fully informed.

ORDER GRANTING IN PART DEFENDANT HONEYWELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE CONSPIRACY AND BREACH OF WARRANTY ~ 1

This is an asbestos case brought by Kristina Strong, individually and as Administrator of the Estate of Matthew T. Strong. Decedent Matthew Strong developed peritoneal mesothelioma which Plaintiff alleges was caused by exposure to asbestos-containing automotive friction products, including Bendix brand brakes manufactured by Honeywell. *See* ECF Nos. 30, 80 at 1–2.

Plaintiff's Second Amended Complaint asserts liability based upon the theories of product liability; common law negligence; negligent undertaking; strict product liability under Section 402A and 402B of the Restatement of Torts (and RCW 7.72 *et. seq.*, as may be applicable to certain supplier-defendants); breach of warranty (RCW 62A); and conspiracy. ECF No. 30 at 4.

Honeywell moved for summary judgment on Plaintiff's claims based upon (1) failure to warn; (2) conspiracy; and (3) breach of warranty. *See* ECF No. 56.

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Id.* at 324. The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case. *Id.* at 325.

ORDER GRANTING IN PART DEFENDANT HONEYWELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE CONSPIRACY AND BREACH OF WARRANTY ~ 2

With respect to Plaintiff's conspiracy claim, Honeywell contends that "Plaintiff cannot show any agreement among the defendants, much less one contemplating a nefarious purpose." ECF No. 56 at 8 (citing *Corbit v. J.I. Case Co.*, 70 Wn. 2d 522, 528, 424 P.2d 290 (1967)) ("[A]n actionable civil conspiracy exists if two or more persons combine to accomplish an unlawful purpose or combine to accomplish some purpose not in itself unlawful by unlawful means."). Plaintiff did not respond to Honeywell's motion to the extent it seeks dismissal of Plaintiff's claim based on conspiracy. *See* ECF No. 80.

With respect to Plaintiff's breach of warranty claim, Honeywell contends that Plaintiff has not established a prima facie case because "[t]here is no evidence in the record to suggest that Honeywell made an express warranty to Decedent, nor is there any evidence that any Bendix product purchased by Decedent or his father were unsuitable or unfit for their intended purpose." ECF No. 56 at 8. Plaintiff did not respond to Honeywell's motion to the extent it seeks dismissal of Plaintiff's claim based on breach of warranty. *See* ECF No. 80.

Given Plaintiff's non-response, the Court finds that Honeywell has shown that there is an absence of evidence to support a prima facie case for Plaintiff's claims based on conspiracy and breach of warranty. Accordingly, the Court finds that summary judgment is appropriate and Plaintiff's claims based on conspiracy and breach of warranty shall be dismissed with prejudice.

ORDER GRANTING IN PART DEFENDANT HONEYWELL'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE CONSPIRACY AND BREACH OF WARRANTY ~ 3

This Order does not resolve Honeywell's Motion for Partial Summary Judgment regarding Plaintiff's claim based on failure to warn. The Court will resolve whether or not partial summary judgment is appropriate with respect to Plaintiff's claim based on failure to warn by a separate and forthcoming order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Honeywell International Inc.'s Motion for Partial Summary Judgment, **ECF No. 56**, is **GRANTED IN PART** regarding Plaintiff's claims based on conspiracy and breach of warranty only.

2. Plaintiff's claims based on conspiracy and breach of warranty are **DISMISSED WITH PREJUDICE**.

3. Judgment shall be entered for Defendant Honeywell International Inc. on Plaintiff's claims for conspiracy and breach of warranty only.

4. Defendant Honeywell International Inc.'s Motion for Partial Summary Judgment on Plaintiff's claim based on failure to warn, ECF No. 56, remains pending and will be resolved by a separate and forthcoming order.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 30, 2021.

                                    *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                    United States District Judge