FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 31, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA T. STRONG, Individually and as Administrator of the Estate of Matthew W. Strong, deceased,<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC., and PNEUMO ABEX, LLC,<br><br>Defendants. | NO: 2:20-CV-136-RMP<br><br>ORDER DENYING HONEYWELL INTERNATIONAL, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S DESIGNATION OF TESTIMONY |

BEFORE THE COURT is Defendant Honeywell International, Inc.'s ("Honeywell") Motion for Protective Order Regarding Plaintiff's Designation of Testimony, ECF No. 125. The Court has reviewed the motion, the record, and is fully informed.

This is an asbestos case brought by Kristina Strong, individually and as Administrator of the Estate of Matthew T. Strong. Decedent Matthew Strong developed peritoneal mesothelioma which Plaintiff alleges was caused by exposure

ORDER DENYING HONEYWELL INTERNATIONAL, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S DESIGNATION OF TESTIMONY ~ 1

to asbestos-containing automotive friction products, including Bendix brand brakes manufactured by Honeywell.  See ECF No. 30.

Pursuant to the Scheduling Order, on August 19, 2021, Plaintiff served Honeywell with Plaintiff's designations of deposition testimony as well as designations of Honeywell's interrogatory responses.  See ECF No. 29 at 8 ("Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served upon opposing counsel, but not filed, by August 19, 2021.").

According to Honeywell, "Plaintiff served Honeywell with one hundred (100) separate documents, including seventy-nine (79) deposition transcripts,[1] fifteen (15) sets of exhibits to the deposition testimony designated, and six (6) sets of discovery responses from other jurisdictions designated against Honeywell."  ECF No. 125 at 1–2.  Plaintiff purportedly designated testimony from past Honeywell corporate representatives, testimony from witnesses related to Plaintiff's claims, as well as testimony from past users of Bendix brakes, co-workers, and eyewitnesses in other cases (i.e. "no warning witnesses").  ECF No. 140 at 2–4 (citing Fed. R. Civ. P. 32(a)(3)).

---

[1] Plaintiff withdrew six transcript designations from depositions where Honeywell was not in attendance.  ECF No. 140 at 2–3.

ORDER DENYING HONEYWELL INTERNATIONAL, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S DESIGNATION OF TESTIMONY ~ 2

1    The parties stipulated to extending certain deadlines, including Honeywell's

2 deadline to serve cross-designations and file objections to designated testimony.

3 ECF Nos. 129, 132.

4    Honeywell requests that the Court order Plaintiff to limit designated testimony

5 to only the testimony she intends to substantively use at trial in order "to protect

6 Honeywell from undue burden and expense of reviewing thousands of pages of

7 deposition testimony." ECF No. 125 at 6. More specifically, Honeywell seeks to

8 limit Plaintiff to designating testimony from no more than 15 transcripts. *See* ECF

9 No. 125.

10    Plaintiffs maintains that the "designations are substantive, are directly relevant

11 to the claims and defenses remaining in this case and are neither duplicative nor

12 meant for impeachment." ECF No. 140 at 3. Plaintiff further argues that

13 Honeywell's Motion improperly relies upon Federal Rule of Civil Procedure 26

14 because this case is past the discovery phase. *Id*.; *see* ECF No. 29 at 4 ("All

15 discovery shall be completed by April 30, 2021."); *see also* Fed. R. Civ. P. 26(c)(1)

16 ("The court may, for good cause, issue an order to protect a party or person from

17 annoyance, embarrassment, oppression, or undue burden or expense including . . .

18 forbidding inquiry into certain matters, or limiting the scope of disclosure or

19 discovery to certain matters.").

20

21

ORDER DENYING HONEYWELL INTERNATIONAL, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S DESIGNATION OF TESTIMONY ~ 3

1   Pursuant to the Scheduling Order, designations should be of substantive, as

2   opposed to impeachment, deposition testimony.  ECF No. 29 at 8.  Plaintiff submits

3   that the designations at issue are substantive.  ECF No. 140 at 4.[2]

4   Given Plaintiff's representation that the designations are "short and precise,"

5   ECF No. 140 at 4, combined with the additional time awarded to Honeywell by the

6   parties' stipulation to amend deadlines, ECF No. 129, the Court finds that

7   Honeywell has not shown that responding to Plaintiff's designations pose such an

8   undue burden to justify issuing a protective order under Rule 26 or limiting Plaintiff

9   to designating testimony from no more than 15 transcripts.

10  The Court agrees with Plaintiff that Honeywell's remedy at this time is to

11  substantively oppose Plaintiff's designations.  ECF No. 140 at 3.  This Order makes

12  no findings as to the admissibility of any designations by Plaintiff.

13  Accordingly, **IT IS HEREBY ORDERED**:  Defendant Honeywell

14  International, Inc's Motion for Protective Order Regarding Plaintiff's Designation of

15  Testimony, **ECF No. 125**, is **DENIED**.

---

[2] Plaintiff concedes that she failed to include certain individuals on her original trial witness list.  ECF No. 140 at 4 n. 2.  Plaintiff since filed an Amended Trial Witness List on August 27, 2021.  *See* ECF No. 135 (listing several "no warning witnesses").

ORDER DENYING HONEYWELL INTERNATIONAL, INC.'S MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S DESIGNATION OF TESTIMONY ~ 4

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 31, 2021.

                                          *s/ Rosanna Malouf Peterson*
                                     ROSANNA MALOUF PETERSON
                                        United States District Judge