FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA T. STRONG, Individually and as Administrator of the Estate of Matthew W. Strong, deceased,<br><br>                 Plaintiff,<br><br>   v.<br><br>HONEYWELL INTERNATIONAL, INC.,<br><br>                 Defendant. | NO: 2:20-CV-136-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO EXCLUDE PRODUCT IDENTIFICATION TESTIMONY AND REQUEST FOR COMPETENCY HEARING |

BEFORE THE COURT, without oral argument, is Plaintiff Kristina T. Strong's Motion for Protective Order Regarding Terry Strong's Medical Records, ECF No. 123. Also before the court, without oral argument, is Defendant Honeywell International, Inc. ("Honeywell's") Motion to Exclude Product Identification Testimony of Terry Strong, ECF 131. In the alternative, Defendant requests a preliminary competency hearing for Terry Strong. *Id.* The Court has

ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO EXCLUDE ~ 1

reviewed the parties' submissions with respect to both motions, the remaining record, the relevant law, and is fully informed.

## BACKGROUND

This is an asbestos case brought by Kristina Strong, individually and as Administrator of the Estate of Matthew W. Strong. Decedent Matthew Strong developed peritoneal mesothelioma which Plaintiff alleges was caused by exposure to asbestos-containing automotive friction products, including Bendix-brand brakes manufactured by Honeywell. *See* ECF Nos. 30 at 3; 80 at 1–2.

In September 2019, Matthew Strong's father, Terry Strong, sat for a perpetuation deposition in the event that he was unable to testify at trial. ECF No. 123-1 at 16.[1] Terry Strong was diagnosed with early-onset vascular dementia three weeks before the deposition. *Id.* During his deposition, he described his dementia as affecting his short-term memory and admitted that he might lose his train of thought when answering questions. *Id.* However, he stated that his long-term memory was "perfect." *Id.* at 17. During the deposition, Terry Strong testified that he performed numerous Bendix brake replacements both in his son's presence and later with his son's assistance. *Id.* at 40–41, 47–48. He also provided detailed

---

[1] Terry Strong's deposition occurred approximately seven months before removal to this Court. *See* ECF No. 1. The law firm representing Defendant Honeywell remained the same throughout the course of this litigation.

ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO EXCLUDE ~ 2

testimony about his process for performing brake replacements and other types of car repairs. *Id.* at 27–33. He confirmed that he used Bendix-brand brakes for these different jobs on a consistent basis. *Id.* at 22, 41–42 .

In May 2020, Terry Strong died. ECF No. 137-1 at 5. Discovery in this case closed on April 30, 2021. ECF No. 29 at 4.[2] Defendant claims that it first learned of Terry Strong's death in August 2021, prompting Defendant to request Terry Strong's official death certificate and medical records related to his dementia, pursuant to Federal Rule of Civil Procedure 26. *Id.* at 17. The parties conferred on August 23, 2021, about the records requested. ECF Nos. 123-1 at 6; 137 at 3.

Plaintiff moves for a protective order for Terry Strong's medical records. ECF No. 123. In turn, Defendant moves to exclude Terry Strong's product identification testimony, arguing that his dementia made him an incompetent witness. ECF No. 131. In the alternative, Defendant requests a preliminary competency hearing for the now-deceased Terry Strong. *Id.*

## LEGAL STANDARD

A party or any person from whom discovery is requested may move for a protective order to protect itself from improper discovery requests. Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person

---

[2] This Court granted a limited modification of the Scheduling Order only as to a few expert and corporate designee depositions. *See* ECF No. 46.

from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* A motion for protective order must include certification "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* The protective order may forbid the disclosure of discovery or forbid inquiry into certain matters, among other things. *Id.* The Court also has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). If "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action" the court must limit the extent of discovery otherwise allowed. Fed. R. Civ. P. 26(b)(2)(C)(ii).

Turning to competency, every person is presumed competent to be a witness. Fed. R. Ev. 601. In civil cases, "state law governs the witness's competency regarding a claim or defense for which the state law supplies the rule of decision." *Id.* Under Washington law, "[e]very person of sound mind and discretion . . . may be a witness." RCW 5.60.020. Two exceptions in RCW 5.60.050 note who is not competent to testify:

> (1) Those who are of unsound mind, or intoxicated at the time of their production for examination, and
>
> (2) Those who appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.

The former version of the statute limited subsection 2 to "[c]hildren under ten years of age," but the statute was amended in 1986 to include those of all ages. *State v. S.J.W.*, 170 Wash. 2d 92, 99–100, 239 P.3d 568 (2010). Still, the majority of Washington's case law for subsection 2 concerns children. *See, e.g.*, *State v. C.J.*, 148 Wash. 2d 672, 682, 63 P.3d 765 (2003) (describing the relevant factors that determine if a child is competent to testify, including that the child has "a memory sufficient to retain an independent recollection of the occurrence"). The party challenging a witness's competency has the burden of proving by a preponderance of the evidence that a witness is incompetent. *State v. Brousseau*, 172 Wash. 2d 331, 341, 259 P.3d 209 (2011) (citing *S.J.W.*, 170 Wash. 2d at 100).

## DISCUSSION

***Terry Strong's Medical Records***

Plaintiff asks the Court to enter a protective order "barring Honeywell from seeking to compel Terry Strong's medical records and/or death certificate." ECF No. 123 at 9. At the outset, Honeywell argues Plaintiff's motion should be denied for failing to confer with Honeywell prior to filing its motion. ECF No. 137 at 3.

Defendant concedes that the parties generally discussed its request for Terry Strong's medical records and death certificate. *Id.* An email sent by Plaintiff's Counsel summarizing the parties' telephonic meeting noted "Plaintiff's position is that Honeywell is not entitled to Terry Strong's medical information" and that Plaintiff did not possess, nor could she provide, the records sought. ECF 123-1 at 6.

ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO EXCLUDE ~ 5

Nevertheless, Defendant argues that Plaintiff did not properly comply with the meet-and-confer requirement of Fed R. Civ. P. 26(c) because Plaintiff made no mention of her intention to file a protective order the following day. *Id.* However, Defendant cites no authority that suggests parties must do more than generally confer to resolve their dispute. Nor does the text of Fed. R. Civ. P. 26(c) require notice of pending motions prior to their filing. *See, e.g.*, *Stone v. Wolff Properties LLC*, 135 Fed. Appx. 56, 58 (9th Cir. 2005) (noting the local rules at issue, which contained a similar meet-and-confer requirement to Fed. R. Civ. P. 26(c), provide only that the parties attempt to resolve the dispute and "do not specify that the contemplated motion must itself be discussed"). Therefore, the Court finds that the parties satisfied the meet-and-confer requirement by telephonically discussing Defendants' request for Terry Strong's medical records on August 23, 2021. ECF Nos. 123 at 2; 123-1 at 6; 137 at 3.

Turning to the substance of the motion, Plaintiff argues that Honeywell's request for Terry Strong's medical records and official death certificate is irrelevant to this case and that, regardless, the records are not within Plaintiff's possession. Further, Plaintiff notes that Honeywell has not moved to re-open discovery. Therefore, Honeywell's request for the documents is not timely.

Honeywell counters that Terry Strong admitted during his deposition that his dementia "affected his memory" and "caused him to lose his train of thought in the middle of a sentence." ECF No. 137 at 2. Honeywell argues that these concessions

ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO EXCLUDE ~ 6

are directly relevant to Terry Strong's competency as a witness. Additionally, Honeywell asserts that Plaintiff should possess the records sought based on a statement at Terry Strong's deposition that Plaintiff's Counsel also represented Terry Strong. *Id.* at 4.

Plaintiff compellingly argues that the discovery sought is both irrelevant and untimely at this stage. At his deposition, Terry Strong described his recent dementia diagnosis as impacting his "short-term" memory, specifically. ECF No. 137-1 at 9. In reviewing the record, he recounted memories from decades prior, including his experience performing numerous brake repairs. *See, e.g.*, ECF No. 123-1 at 30–33, 40–41, 47–48. Defendant makes no showing that medical records documenting any progression of Terry Strong's dementia prior to his death would undermine the accuracy of his deposition testimony, which he gave just three weeks after his initial diagnosis. Nor does Defendant offer a persuasive explanation for why its recent discovery of Terry Strong's death supports additional discovery when Terry Strong disclosed his diagnosis at the deposition. Defendant had notice of Terry Strong's dementia diagnosis more than one year before discovery closed in this case. However, Defendant did not request his medical records during that time. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii).

Lastly, Defendant fails to support its claim that Plaintiff actually controls or possesses the documents sought. *See, e.g.*, *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1453–54 (9th Cir. 1989) (defining "control" as

ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND DENYING DEFENDANT'S MOTION TO EXCLUDE ~ 7

1  "the legal right to obtain documents upon demand" and noting control "must be
2  firmly placed in reality" and cannot merely be theoretical) (internal citations
3  omitted); *see also*, *Otos v. WHPacific, Inc.*, No. 2:16-cv-1623-RAJ, 2017 WL
4  2452008, at *1–2 (W.D. Wash. 2017) (noting that "convenient access to documents
5  does not translate to the legal control necessary" to grant a party's motion to
6  compel).  Even assuming that Plaintiff's Counsel represented Terry Strong during
7  his deposition approximately two years ago, that does not demonstrate that counsel
8  has legal access to the medical records of a former client who has since died.
9  Therefore, the Court finds good cause exists to issue the protective order.

10  ***Product Identification Testimony and Competency***

11  Defendant seeks to exclude the deposition testimony of Terry Strong to the
12  extent he identifies Bendix brakes as the brand he regularly purchased and used.  For
13  support, Defendant argues that Terry Strong admitted his dementia affected his
14  memory, making it difficult to understand and answer questions in the moment.
15  ECF No. 131 at 1–2.  Defendant thus contends that Terry Strong is not a competent
16  witness under RCW 5.60.050 and that his testimony about purchasing and working
17  on Bendix-brand brakes should be excluded.  *Id.* at 2.

18  Neither party cites authority applying RCW 5.60.050(2) to a witness with
19  dementia.  Instead, Defendant highlights one federal case ruling the district court
20  committed plain error by failing to order a competency hearing sua sponte for an
21  individual who was diagnosed with frontotemporal dementia ten years before his

sentencing. ECF No. 131 at 5 (citing *United States v. Dreyer*, 705 F.3d 951, 965 (9th Cir. 2013)).

In *Dreyer*, the defendant "explicitly informed the court" that he had "difficulty perceiving the truth as a result of his dementia." *Id.* at 962. However, the legal principles governing the competency of a criminal defendant vastly differ from those governing witnesses in a civil case. *Compare id.* at 959–61 (applying plain-error review because the district court has a statutory duty to order a competency hearing where a criminal defendant's mental disease makes him unable to assist properly in his defense) *with Kline v. Ford Motor Co., Inc.*, 523 F.2d 1067, 1069–70 (9th Cir. 1975) (reversing the district court for excluding the testimony of a witness whose memory had been revived during hypnosis because her credibility was "'for the jury to determine'" (quoting *Wyller v. Fairchild Hiller Corp.*, 503 F.2d 506, 509 (9th Cir. 1974)). Moreover, the facts in *Dreyer* starkly contrast with the facts in this case.

Here, Terry Strong was diagnosed with dementia just three weeks before being deposed. As discussed above, his concession that his dementia affected his short-term memory does not suggest that he was incapable of recalling past memories, including his family relationships and his work and residential history. *See, e.g.*, ECF No. 123-1 at 17–18 (discussing his children, ex-wife, and grandchildren), 19–23 (describing his work on cars and frequent purchases of Bendix brakes), 35–36 (discussing his job at Aramark Services), and 36–37 (recalling a prior family home). On cross-examination, Defendant's Counsel asked

1  Terry Strong if he had any limitations on his long-term memory and he stated that he
2  did not. ECF No. 131-1 at 17.  That Terry Strong was diagnosed with dementia
3  shortly before being deposed is insufficient to warrant the exclusion of his
4  testimony.  Under Washington law, Terry Strong is presumed to be a competent
5  witness.  In reviewing his deposition testimony, this Court is not persuaded
6  otherwise.

7  Honeywell alternatively requests this Court conduct a competency hearing as
8  to Terry Strong. ECF No. 131 at 2.  Honeywell does not cite, nor could this Court
9  find, any authority for ordering the competency hearing of a deceased witness.
10 Instead, Honeywell asks the Court to issue an order permitting Honeywell to obtain
11 Terry Strong's medical records so the Court may determine if a competency hearing
12 is necessary. *Id.* at 6.  In support, Honeywell asserts that Terry Strong's developing
13 dementia and subsequent death months after the deposition somehow made him an
14 incompetent product identification witness during his deposition.  For the reasons
15 already stated above, the Court disagrees.

16 Honeywell fails to show a competency hearing is necessary. *See Brousseau*,
17 172 Wn.2d at 345 (concluding that the defendant did not make a sufficient showing
18 of incompetency to require a competency hearing, especially given the witness's
19 ability to recall details of her bedroom).  The credibility of Terry Strong's deposition
20 testimony remains a question for the jury to decide.  Honeywell can use tools of
21

ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND
DENYING DEFENDANT'S MOTION TO EXCLUDE ~ 10

impeachment and may request a special jury instruction to persuade the jury regarding Terry Strong's credibility.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Kristina Strong's Motion for Protective Order Regarding Terry Strong's Medical Records, **ECF No. 123**, is **GRANTED**. Defendant's Motion to Exclude Product Identification Testimony of Terry Strong and Request for Competency Hearing, **ECF No. 131**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 27, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge