UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA T. STRONG, Individually and as Administrator of the Estate of Matthew W. Strong, Deceased,<br><br>                                    Plaintiff,<br><br>        v.<br><br>HONEYWELL INTERNATIONAL, INC., Individually and as Successor to Allied Signal, Inc. and The Bendix Corporation,<br><br>                                    Defendant. | NO. 2:20-CV-0136-TOR<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO RESCIND |

BEFORE THE COURT is Plaintiff's Motion to Rescind Court's Order of 11/8/2021 and for a *Daubert* Hearing (ECF No. 162). This matter was submitted for consideration with telephonic oral argument on March 2, 2022. John L. Steffan argued on behalf of Plaintiff. Kevin P. Greene argued on behalf of Defendant. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's motion to rescind is granted in part.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO RESCIND ~ 1

**BACKGROUNDD**

This is a suit for damages brought by Kristina Strong, individually and as Administrator of the Estate of Matthew T. Strong.  Decedent Matthew Strong developed peritoneal mesothelioma which Plaintiff alleges was caused by exposure to asbestos-containing automotive friction products, including Bendix brand brakes manufactured by Honeywell's predecessor.  *See* ECF No. 30 (Second Amended Complaint).

On November 8, 2021, this Court excluded Plaintiff's expert opinion evidence of Drs. Tarin and Cohen concerning specific causation for failure to meet the necessary threshold for admission under *Daubert*.  *See* ECF No. 160.  On January 4, 2022, Plaintiff filed the present motion.  ECF No. 162.  The parties filed their respective response and reply.  ECF Nos. 171, 172.

**DISCUSSION**

**A.  Motion to Rescind**

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *City of Los Angeles, Harbor Div. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citation omitted).  This power is derived from the common law, not the Federal Rules of Civil Procedure.  *Id.* at 886.

Based on a review of the arguments, the Court finds rescission appropriate. In its prior Order, the Court reviewed the evidence relied on for the doctors' opinion that inhalation of chrysotile asbestos in brake dust caused Plaintiff's peritoneal mesothelioma. ECF No. 160. The Court found many of the publications unhelpful for the specific causation at issue, i.e. none of the proffered publications demonstrate chrysotile asbestos in brake dust causes peritoneal mesothelioma. Plaintiff complains that the Court addressed issues not briefed by the parties. However, the parties' briefing left the Court to ferret out the issue in the first place. The Court agrees that Ninth Circuit precedent for toxic torts, as cited in ECF No. 162, dictates that the doctors' opinions be admitted. The analytical gap between the publications and the doctors' opinions is not too great to warrant exclusion. *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230 (9th Cir. 1998). Because the reasoning in each opinion is scientific and will assist the jury, the parties' dispute goes to the weight, rather than admissibility, of the opinions – it is a matter for the jury to decide. *Id.* at 1230-31. Therefore, the Court finds the opinions of Dr. David Tarin and Dr. Richard Cohen admissible under *Daubert*.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Rescind Court's Order of 11/8/2021 and for a *Daubert* Hearing (ECF No. 162) is **GRANTED in part**. The Court finds a *Daubert* Hearing unnecessary.

2. The Court's November 8, 2021 Order (ECF No. 160) is **RESCINDED**.

3. Defendant's *Daubert* Motion to Exclude Plaintiff's Experts' Causation Opinions and Request for Evidentiary Hearing (ECF No. 59) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 8, 2022.



THOMAS O. RICE
United States District Judge