UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA T. STRONG, Individually and as Administrator of the Estate of Matthew W. Strong, Deceased,<br><br>      Plaintiff,<br><br>v.<br><br>HONEYWELL INTERNATIONAL, INC., Individually and as Successor to Allied Signal, Inc. and The Bendix Corporation,<br><br>      Defendant. | NO. 2:20-CV-0136-TOR<br><br>ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment. ECF No. 69. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's motion is denied.

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# BACKGROUND

This is a suit for damages brought by Kristina Strong, individually and as Administrator of the Estate of Matthew T. Strong. Decedent Matthew Strong developed peritoneal mesothelioma which Plaintiff alleges was caused by exposure to asbestos-containing automotive friction products, including Bendix brand brakes manufactured by Honeywell's predecessor. *See* ECF No. 30 (Second Amended Complaint). Specifically, Plaintiff contends that Mr. Strong's many years of repeated exposure to respirable chrysotile asbestos generated by Defendant's friction products (brake pads) was a significant causative factor in the development of his peritoneal mesothelioma. ECF No. 76 at 29.

Defendant raised three specific defenses in its Answer to Plaintiff's Second Amended Complaint. ECF No. 34 (Defense Nos. 5, 9, and 16). Plaintiff sought summary judgment on these three defenses.

Defendant withdraw its defenses numbered 9 and 16 because it determined they are inapplicable to this case after investigation and discovery. ECF No. 89 at 2. Accordingly, the Court entered an Order striking defenses numbered 9 and 16. ECF No. 136. The Court reserved ruling on defense number 5. *Id*.

Defendant contends that it has evidence of Matthew Strong's exposure to other forms of asbestos which cause peritoneal mesothelioma. It contends that this

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

evidence is relevant and admissible at trial as to alternate exposures that cause this disease.

## DISCUSSION

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*

1  *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

2  "against a party who fails to make a showing sufficient to establish the existence of

3  an element essential to that party's case, and on which that party will bear the

4  burden of proof at trial."  *Celotex*, 477 U.S. at 322.

5      Here the parties dispute material facts concerning the decedent's exposure to

6  other forms of asbestos which may have caused the disease.  Alternative causation

7  is admissible.

8  **ACCORDINGLY, IT IS HEREBY ORDERED:**

9      Plaintiff's Motion for Partial Summary Judgment, ECF No. 69, is **DENIED**.

10      The District Court Executive is directed to enter this Order and furnish

11  copies to counsel.

12      DATED March 8, 2022.



                      THOMAS O. RICE
                United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4